LAKE POCHUNG OUTING ASSOCIATION, DEFENDANT, v.
WILLIAM CURRENT, PROSECUTOR.

Submitted May term, 1929—Decided November 7, 1929.

Before Justices TRENCHARD, LLOYD and CASE.

For the prosecutor, *Theodore E. Dennis.*

For the defendant, *Hugh C. Baldwin.*

PER CURIAM.

At the suit of the Lake Pochung Outing Association the prosecutor was convicted before a justice of the peace for violation of section 1 of chapter 137, laws of 1912, as amended by chapter 145 of the laws of 1923, entitled "An act concerning trespassing on lands for the purpose of gunning or fishing."

One of the reasons urged for setting aside the conviction is that "no such action as the action instituted and prosecuted to judgment before said justice of the peace is authorized by the laws of this state, and he had no jurisdiction in such action." We think this contention is sound and that the judgment of conviction must be set aside.

The act in question forbids trespassing on posted lands for the purpose of gunning or fishing, provides a penalty of $20 and costs for such violation, and that every justice of the peace, police court or recorder shall have jurisdiction to try such offenders and pronounce sentence as therein provided.

The record of the proceedings shows that the action was one by the association as plaintiff against the prosecutor as defendant. The witnesses were sworn as between such plaintiff and defendant and the judgment of conviction and commitment to prison in default of payment of the fine imposed followed in sequence.

We think for reasons already stated that the judgment must be set aside. The statute is a penal one and does not lie at the suit of the owner or occupant of the land. The statute contemplates a formal complaint in the name of the State of New Jersey and not litigation between private parties.

The justice of the peace was without jurisdiction to entertain the action, to swear witnesses therein or to enter judgment thereon.

The judgment is therefore reversed.