The only question remaining for determination is to ascertain the amount due, if any, to the several defendants.
First — Joseph Camp. It will be noted that the answer filed by consent in this matter was not signed by the solicitor, nor is the mechanics' lien claim or affidavit thereto signed by anyone. It is needless, however, to consider any technical objection to this answer and claim, as the entire claim, with the exception of one item, is for the rental of a barge alleged to be used in this contract. The remaining item is for the value of a hawser which was upon the barge when rented, and which was not returned. These items cannot be allowed. *Page 458 
 Delaware River Quarry and Construction Co. v. The Board ofChosen Freeholders of the County of Mercer et al., 88 N.J. Eq. 506.
"The furnishing of instrumentalities to a contractor, and used by him in the performance of the contract, does not constitute labor within the terms of the Municipal Mechanics' Lien law." Cramer v. Board of Chosen Freeholders of SalemCounty et al., 147 Atl. Rep. 639.
Second — Ober and Woolson. This claim amounting to $150.88 is for the value of labor furnished by them for the contractor, and will be allowed.
Third — Allen E. Grace. All of the items of Allen E. Grace's claim are for gasoline, oil and containers used in the automobile and other motors and engines and, therefore, cannot be allowed.
Fourth — Edgar F. Endicott. This claim must be reduced to $344.73, being the first, fourth, fifth, sixth, seventh, eighth, ninth, tenth and eleventh items on the bill. The items for team hire and for oil and gas must be excluded.
Fifth — George Frith. The first eight items must be excluded. The item of March 31st for Little Bridge Tubes, three and one-half hours, must be excluded. The items of April 1st, 2d 3d 4th, 5th, 6th, 7th, 8th, 9th and 10th must be excluded. Deducting these items there remains the sum of $51.78.
The result, therefore, is that a decree will be made allowing the West Jersey and Seashore Railroad Company the sum heretofore determined.
Joseph Camp is allowed nothing.
Ober and Woolson are allowed $150.88.
Edgar F. Endicott is allowed $344.73.
George Frith is allowed $51.78. *Page 459