ELECTRIC SERVICE SUPPLIES COMPANY, PLAINTIFF-RESPONDENT, v. CONSOLIDATED INDEMNITY AND INSURANCE COMPANY, DEFENDANT-APPELLANT.

Submitted May 26, 1933—Decided September 27, 1933.

For the appellant, *Edward C. Waddington* (*Frank A. Mathews*, of counsel, on the brief).

For the respondent, *Bennett Clark*.

The opinion of the court was delivered by

KAYS, J. This is an appeal from an order of the Supreme Court striking out the answer of the defendant and entering summary judgment in favor of the plaintiff-respondent and against the defendant-appellant on the first count set up in the complaint.

The complaint in the case set up two counts. Both counts were on a bond on which the defendant was surety for one

Charles S. Wright, a general contractor, who had entered into a contract with the Camden County Park Commission for the construction of a swimming pool. The first count alleges the plaintiff's right to recover under said bond because he was a materialman who had furnished material used in the construction of the swimming pool which Wright had contracted to build. The contract, by the terms of the bond, was made a part of the bond. The second count is based upon the alleged right of the plaintiff to recover against the defendant-appellant as assignee of the bond for the same breach as is set out in the first count. The answer admits the defendant became surety on the bond therein referred to and then sets up that it has no knowledge or information sufficient to form a belief as to the amount due to the plaintiff from the general contractor. A motion was made by the plaintiff to strike out the answer as sham and frivolous, which motion was based upon certain affidavits. The affidavit filed by the plaintiff set up the amount due under the contract, that it had not been paid and that the materials were furnished in conformity with the contract and also set forth a copy of the contract. The solicitor of the County Park Commission made an affidavit that the bond was given pursuant to *Pamph. L.* 1918, *ch.* 75, as amended, and as such was accepted by the County Park Commission. In reply to these affidavits the defendant filed an affidavit made by John L. Baker, a vice-president of the defendant company, setting up that he has no knowledge or information except that which was set forth in the plaintiff's affidavit and that if summary judgment was entered it would deprive the defendant of the right to cross-examine witnesses. There is no affidavit of the contractor, Wright, nor is there anything in the affidavit of the defendant which sets forth why an affidavit was not obtained from Wright. Under these circumstances the court struck out the first count and allowed the plaintiff to enter judgment against the defendant. The defendant appeals here first on the ground that the bond is not in statutory form and that the bond was not given pursuant to the statute. Appellant, therefore, claims that

the plaintiff was not entitled to sue on said bond. As stated before, defendant admits that it has no knowledge or information relative to the correctness of plaintiff's claim and so pleads under rule 34. Appellant, therefore, argues that it is entitled to go to trial and compel the plaintiff to prove by witnesses the complaint and be subjected to cross-examination. Appellant claims that the affidavits of the plaintiff are not sufficient to prove the complaint in order to entitle the plaintiff to a summary judgment.

We are of the opinion that these affidavits sufficiently set out that the suit is for goods sold and delivered at a price shown by the plaintiff's books of account.

The next ground of appeal is that the surety is sued for a debt of his principal without making the principal a party to the suit and without obtaining a judgment against the principal and that the principal has not admitted the account and that, therefore, the defendant is entitled to have this proved. There is not, however, in the case any affidavit of the principal or of any other person which denies the amount claimed to be due or any part of such amount. If the defendant was dissatisfied with this situation he could have brought in the principal as a party to the suit. We are, therefore, of the opinion that inasmuch as the defendant did not deny in its affidavit the amount claimed to be due and did not in any way explain the absence of an affidavit of the principal that the defendant is without a good defense to the action. It is also claimed by the appellant that the bond does not follow the form of the statute set out in section 1 of the act of *Pamph. L.* 1918, *ch.* 75. The bond, however, does provide that the contractor shall pay all debts. The trial judge held, however, that the bond must be construed with reference to the statute and that it was an instrument on which the creditor could sue directly in his own right. In this respect we think the judge properly ruled. In other words, it seems to us from the affidavits of the defendant that the defendant made no endeavor to ascertain the facts in regard to the correctness of the claim and made no effort to obtain proofs of the furnishing and delivery of the goods.

There was nothing before the court upon which the court could refuse to enter judgment on the ground that the claim as set out in the complaint was not correct. Therefore it does not seem that the defense was made in good faith.

We are, therefore, of the opinion that the action of the trial court was proper in this case and the judgment under review is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 15.

*For reversal*—None.