There was due to Giovannone Construction Company, as general contractor, a final balance or payment from the state highway department on a contract for the construction of a certain road. On bill filed by creditors of that contractor, an order was entered, with the consent of the contractor, establishing a trust in that fund, under the provisions of P.L. 1932 ch. 268 p. 604, and appointing a trustee — to whom the fund of about $24,000 was duly paid over.
Notice to those claiming right or interest in the fund was duly given and published; claims were presented to the trustee; and order entered barring other claimants. The trustee's first account has been filed and confirmed. All expenses and allowances have been paid (unless unexpected further work should arise), and all claims filed against the fund have been paid and satisfied (or disallowed and barred *Page 517 
for failure to appeal) except two, which are still in dispute and which aggregate roughly $4,500. The trustee has on hand a balance of about $6,000 — out of which payment is first to be made of such sums, if any, as may be determined to be due to the claimants on these two disputed claims, and the remainder will of course be payable to the contractor.
The contractor asks for a present payment to itself of $3,000, contending that ample will then still be left to pay any amount which can possibly be found due on the two disputed claims. These two claims are before the court on appeals from the trustee's disallowance thereof. The trustee, and the contractor, contest the validity of these claims both on questions of law and fact. By agreement of all interested, it is presently to be determined only whether the claims are valid on the issues of law, assuming the truth of the facts set forth in the statements of claim — leaving the issues of fact to be tried and determined later, if such course be necessary.
The claim of Ohio Power Shovel Company is for $1,825, alleged to be due to it from Benigno Delapella, subcontractors under the Giovannone company, for the rent of a power shovel used by the said contractors in the performance of their subcontract, which was a part of the work under the main contract. The claimant further alleges that it duly filed statement of its claim with the National Surety Corporation (the surety on the contractor's bond), pursuant to the provisions of the statute of 1918 as to bond by the general contractor. P.L. 1918 ch. 75 p.203.
By the provisions of the act of 1932, supra, the fund in this suit is constituted a trust fund for the benefit and protection of those persons having "claims for labor, materials and other charges incurred in connection with the performance of said contract," i.e., the contract between the state highway department and the Giovannone company.
It may here be mentioned that the contract here under consideration comes under the operation and effect of the act of 1932, because that act was approved June 15th, 1932, to take effect immediately, and the present contract (as *Page 518 
appears by the bill) was made and entered into on September 29th, 1932.
In Fidelity, c., Company of Maryland v. McClintic-MarshallCorp., 115 N.J. Eq. 470 (at p. 476 et seq.);171 Atl. Rep. 382, it was determined that the act of 1932 extends the security of this trust fund only (1) to claimants to whom the contractor is liable by direct contract, and (2) to claimants to whom the contractor is liable by reason of the act of 1918, supra, and action taken by the claimants in accordance with the provisions of that 1918 statute.
The claim of the Ohio company, for the rent of the power shovel to the subcontractor, is not for labor nor materials. Assuming that it is a claim for a "charge incurred in connection with the performance of the contract" — nevertheless it is not a claim for which the contractor is liable by direct contract with claimant. Hence the Ohio company has no interest in this trust fund unless it be entitled thereto under the act of 1918.
The act of 1918 extends its benefit and protection to creditors of subcontractors as well as of the contractor. It requires the contractor to give bond guaranteeing the payment by the contractor and by all subcontractors for all labor performed or materials furnished in the performance of the contract. As originally enacted in 1918, however, its benefit extended only to those having claims for "labor performed or materials furnished," and to subcontractors of the contractor.N.A.K. Bugbee Co. v. Consolidated, c., Co.,111 N.J. Law 323. The claim of the Ohio company would not have come within its scope, for the Ohio company was not a subcontractor, and its claim — the rent of an instrumentality — is not for labor or materials. Delaware River Quarry, c., Co. v. Mercer CountyBoard of Chosen Freeholders, 88 N.J. Eq. 506; 103 Atl. Rep. 18;West Jersey and Seashore Railroad Co. v. Cape May County,105 N.J. Eq. 457; 148 Atl. Rep. 401.
The act of 1918, however, was amended in 1932 (P.L. 1932ch. 142 p. 254), so as to extend its benefit and protection not only to laborers, materialmen and subcontractors, *Page 519 
but also to those (inter alia) who "furnish implements or machinery" (either to the contractor or to subcontractors) used in or about the performance of the contract. Clearly the claim of the Ohio company comes within the scope of this amendment; and this amendment was approved May 2d 1932, to take effect immediately — so that it operates upon and controls the contract which was made over four months thereafter.
Admittedly, the Ohio company has taken the steps required by the statute to entitle it to bring suit at law against the contractor and the surety company, on its claim. It does not actually appear that the bond which was given by the contractor and the surety company contained this statutory obligation to those furnishing implements or machinery, but on the other hand neither does the contrary appear. It will be presumed that that was done which ought to have been done — that the contractor and the surety gave the bond which was required under the statute. See, also, Electric Service Supplies Co. v. Consolidated, c.,Co., 111 N.J. Law 288 (at p. 290); 168 Atl. Rep. 412, where the appellate court says that the bond must be construed with reference to the statute.
The "motion to strike" the appeal from the trustee's disallowance of the claim must therefore be denied, and the appeal proceed to hearing on the issues of fact. It follows, that there should remain in the hands of the trustee sufficient moneys to cover this claim.
The other disputed claim is that of Dominic Colantino. It is a claim by a subcontractor of the Giovannone company, and is a claim of direct liability by the latter. The legal question is whether or not it is a claim of the character contemplated by the "trust fund" act of 1932.
The claim alleges a contract between the Giovannone company and Colantino, whereby the latter was to perform for the former the work of excavation and of fill on a certain portion of the road under construction (being a part of the work under the main contract); that this subcontract was made by Colantino upon the basis of the conditions then existing on and along the locus inquo; that after the making of *Page 520 
the contract and before its performance by Colantino, the Giovannone company removed earth at some places along the locusin quo, and dumped earth in other places, and that thereby additional work to the value of $2,735 was necessitated to be done by Colantino in order to perform his subcontract.
There is a dispute as to whether this claim is to be considered one arising out of contract or out of tort — or whether it might be either at the election of the claimant. There is also a dispute as to whether an election to regard it as a tort claim has been made by the claimant. It would seem that it might properly be deemed a claim in contract (at least if no election to the contrary has been made); that it might well be deemed an implied provision or condition of Colantino's contract, that the ground conditions should remain unchanged by any acts of the Giovannone company, or that if any such changes were made by that company, then Colantino should be entitled to additional payment for any additional work thereby necessitated. In that aspect the extra work performed, and the extra material furnished, by Colantino, seem clearly to come within the terms of the statute. One who contracts to perform labor and does so perform it, has a claim for labor notwithstanding he performs it by means of instrumentalities. Delaware River Quarry, c., Co. v.Freeholders, c., supra; Jankowitz v. Town of Morristown,111 N.J. Eq. 201; 161 Atl. Rep. 819. It seems clear that the extra labor and materials, if performed and furnished under an express contract between the contractor and the subcontractor, would come within the terms of the statute; and that the same must be true where the contract is implied instead of express.
(Note, also, P.L. 1933 p. 483.)
The "motion to strike" these appeals must also be denied, and the appeal proceed to hearing on the issues of fact; and sufficient moneys must be reserved to cover this claim.
The two claims aggregate over $4,500 — and there should also be reserved an additional amount sufficient to cover possible interest, costs and counsel fees — say a total aggregate *Page 521 
amount of $5,250. The application by the contractor for payment of $3,000 is therefore denied. The exact amount remaining in the hands of the trustee (approximately $6,000) is not at present definitely known to the court, but obviously no more than $500 to $750 at most could now be paid to the contractor, even if the objections of the surety company to any payment whatever should be deemed unfounded.
If the contractor deems it worth while to renew his application, for this small amount, it may do so; otherwise the last mentioned issue need not be determined.